## Peter Chimoch, Defendant in Error, v. Thomas D. Moore et al., Plaintiffs in Error.

## Gen. No. 15,851.

MUNICIPAL COURT—*when judgment not disturbed.*  If the Appellate Court is satisfied that substantial justice has been done by the judgment rendered it will not be disturbed on review.

Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

J. H. LALLY, for plaintiffs in error.

WILLIAM J. KING, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

Peter Chimoch, plaintiff in the court below, worked for a firm, known as De Nellae & Co., in the city of Chicago from some time in September, 1908, to about the 13th of November, 1908.    During that time the

defendants in the court below, Nellie De Nellae and Thomas D. Moore, were conducting the business of the firm of De Nellae & Co. Nellie De Nellae, who is variously called Nellie De Nellae, Nellie Moore and Mrs. Thomas D. Moore, was one of the partners of that firm, and Thomas D. Moore was the manager of the business. Both defendants spent more or less time at the place of business of De Nellae & Co., while the plaintiff was working there. This suit was begun by plaintiff to recover the sum of $100, which he claims he gave to the two defendants at their request, while he was working for De Nellae & Co., and on the pretext of selling to him a one-half interest in the business of the firm, which money he claims they promised to return to him on May 1, 1909, but did not.

This suit was commenced after May 1, 1909. It was tried by the court without a jury, and resulted in a finding and judgment for the plaintiff for $100.

The defendants have brought this case to this court by writ of error, and ask that it be reversed because the finding and judgment are not supported by the evidence.

The testimony on some points is sharply conflicting. The plaintiff, Chimoch, testified that, while he was working for De Nellae & Co., he gave to the defendants, at their request, $100 in money, made up of four twenty-dollar bills, one ten-dollar bill and two five-dollar bills; that when he did so they gave him a receipt therefor, and promised to pay it back to him on May 1, 1909; that he lost that receipt and asked for another, which defendant Moore gave him; that, when he quit working for De Nellae & Co., the defendants paid him $10.65, the amount due from De Nellae & Co. for wages, and promised to pay him the $100 on the first of May; that afterwards he saw both defendants, and they then repeated the promise to pay him. Defendant Moore admits that he gave two receipts to plaintiff about the time testified to by him, but testified that

he received no money from him; that the receipts were given to the plaintiff to show to his wife with the view of deceiving her about what he had done with some money belonging to her that he said he had lost. Plaintiff denies making any such statement. Defendant Moore testified that, shortly after giving the first receipt, plaintiff came back and claimed to have lost it, and asked for another, which was given him; that he did not remember what was in the first receipt. The last receipt is signed by De Nellae & Co., per T. D. Moore, and is as follows:

"This is to certify that one hundred dollars was paid De Nellae & Co., the receipt for which was mislaid by Peter Chimoch; this said $100 to be returned to Peter Chimoch May 1st, 1909, or sooner."

There is no proof that this second receipt is the same either in substance, form or signature as the first one.

Plaintiff in error, Nellie De Nellae, also denies having received the money. When plaintiff left the employ of De Nellae & Co., he received by the hand of defendants $10.65, the amount of wages due him from the firm, and a receipt was signed by him at that time, which receipt was introduced in evidence and is now as follows: "Received from De Nellae 4 days' pay at $2.66, $10.65, wages in full to date, *and in full settlement of all my claims against De Nellae or Thomas D. Moore of all nature whatsoever.*"

The plaintiff testified that the signature to the paper was his, but that when he signed it, the words in italics were not in it. Defendant Moore testified that the receipt had not been altered since its execution. During this examination on that subject the Court asked him, "Will you explain why were the last two and one-half lines written in a different kind of ink and a different kind of pen?" To this question he answered, "I can't explain."

If the receipt had been altered, it was not admissible

in evidence, until such alteration was shown to have been honestly made. This receipt has been certified to this court and on inspection shows unmistakable evidences of alteration. The plaintiff testified that it had been altered, and is corroborated by the appearance of the paper itself, and no explanation of the alteration, or apparent alteration, is made or attempted. Both defendants were on the stand after the plaintiff testified concerning their having promised to repay him the $100, and neither of them denied having so promised.

The testimony of the plaintiff is corroborated as to his having given the defendants the money by the receipts that were admittedly given, which purport to acknowledge the receipt of the money. It is corroborated as to the alteration of the receipt for wages given by him, by the appearance of the paper itself. Even the words evidently inserted in this receipt after signature, purporting to release other claims than the claim against De Nellae & Co. for wages, are very suggestive that the person who inserted them had some other transaction in mind than the payment of plaintiff for wages earned.

On this state of the proof, the court found the issues against both defendants, and rendered judgment against them for $100. After a careful examination of the record, we are unable to say that the trial court was not justified in so doing.

The judgment is, therefore, affirmed.

*Judgment affirmed.*